Cite as 2022 Ark. App. 49

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV–21–108

| | |
|---|---|
| RICHARD HASKINS | **Opinion Delivered** February 2, 2022 |
| APPELLANT | |
| | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57DR-18-93] |
| V. | |
| SABRENA HOWE | HONORABLE MICHAEL R. LANDERS, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Richard Haskins appeals the Polk County Circuit Court's determination that the $45,000 appellee Sabrena Howe withdrew from the parties' joint checking account was marital funds and that the funds were received in lieu of temporary spousal support to which she would have otherwise been entitled. Haskins argues the circuit court erred (1) in allowing Howe to keep $52,000[1] because it was part of a $61,201.20 inheritance he received from the sale of his late father's house and therefore his separate property and (2) in finding Howe was alternatively entitled to the funds in lieu of temporary spousal support. We affirm.

The parties married on July 17, 2017, and separated on May 3, 2018. Howe filed her initial complaint for divorce on May 30, 2018; Haskins answered and filed a counterclaim on

---

[1]Although Haskins argues that Howe withdrew $52,000 instead of $45,000, which includes a $7000 cash withdrawal in March 2017, the circuit court's order addresses only the $45,000 withdrawn by Howe on May 2 or 3, 2018.

June 13. Howe filed an amended divorce complaint and a motion for spousal support on July 17, 2019. A final hearing was held on November 2, 2020.

At the final hearing, Howe testified that she had a separate bank account in her name only as well as the joint account with Haskins. She explained that she had deposited approximately $98,000 from the sale of her premarital home into her separate account, but she had transferred much of that money into the joint account to cover Haskins's overdrafts and other expenses. Howe admitted Haskins had deposited his $61,901.20 inheritance into the joint account in April 2018, she withdrew $45,000 from the joint account on May 2 or 3, 2018, and she placed the funds in her separate account. Howe testified she often deposited money into the joint account, made withdrawals, and wrote checks for bills from the account. Howe testified that her only income was a monthly disability check of $899, and she listed monthly expenses of $1610 on her affidavit of financial means. Howe asserted that, during the parties' separation, she had lived on her monthly disability income and the $45,000 she had withdrawn from the joint account. Regarding her request for spousal support, Howe testified that she had numerous serious medical issues, that she was currently living on her credit card, and that she did not have any savings because it had been expended during the marriage. She testified Haskins has a good job, a 401(k), no dependents, and no car payment because he had purchased a 2014 Honda CRV for $15,000 during the marriage and titled it in his name only.

Haskins testified that Howe had never deposited her disability check into the joint account, and he was unaware of her ever depositing any money into their joint account. He admitted that he knew his inheritance was being deposited into the joint account and that both he and Howe wrote checks against the account. He told the circuit court he did not intend for Howe to have any of his inheritance, including the $45,000 she removed from the account,

2

nor did he authorize her to write checks against those funds to pay her bills. Haskins admitted that Howe had "expensive doctors" and a lot of bills due to her medical problems. He also explained that he had received other estate monies from his parents' estates that had paid some of his bills and some of Howe's medical bills, paid off their honeymoon, and allowed them to take a vacation. Although his affidavit of financial means was not entered into evidence, Haskins testified that he made $553.62 a week, and he has a 401(k) to which he contributes 3 percent of every paycheck.

Haskins called two married coworkers, Sunshine and Jason Glasscock, to testify. Both of the Glasscocks testified that they had heard Howe say that when Haskins received his inheritance, she was going to take it and leave him.

A final decree of divorce was entered on December 9, 2020. In the divorce decree, the circuit court found that the parties had opened a joint checking account in March 2014 prior to their marriage; that both parties had deposited funds into the account and wrote checks against the account; that Howe had withdrawn $45,000 from the joint account and used those funds for living expenses and payment of medical bills incurred during the marriage; and that the funds were determined to be jointly owned funds because Haskins failed to present clear and convincing evidence to the contrary. The circuit court also found, "The Court also determines that said funds withdrawn by [Howe] were received in lieu of temporary spousal support, [to] which she would have otherwise be [sic] entitled." The circuit court denied Howe's request for permanent spousal support; awarded the balance of the joint account to Haskins; and directed that any proceeds remaining in bank accounts in Howe's name remained her property.

We review domestic-relations cases de novo on the record, and we will not reverse a circuit court's finding of fact unless it is clearly erroneous. *Hardin v. Hardin*, 2020 Ark. App. 516. With respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property is also reviewed, and the same standard applies. *Id*. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*. In order to demonstrate that the circuit court's ruling was erroneous, the appellant must show that the circuit court abused its discretion by making a decision that was arbitrary or groundless. *Id*. We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id*.

All marital property is to be divided equally between the parties unless the circuit court determines that such a distribution would be inequitable. Ark. Code Ann. § 9-12-315(a) (Repl. 2020). The overriding purpose of this statute is to enable the circuit court to make a division of property that is fair and equitable under the specific circumstances of each case; it does not compel mathematical precision in the distribution of property but only that marital property be distributed equitably. *Walls v. Walls*, 2014 Ark. App. 729, 452 S.W.3d 119.

Arkansas law creates a presumption that property placed in both spouses' names is held in tenancy by the entirety and is marital property. *Id*. Here, as in *Walls*, the account in which Haskins placed his approximately $61,000 inheritance check bore both parties' names, and there was testimony that both Howe and Haskins had made deposits to, and withdrawals from, that account. Although Haskins testified that he did not mean for his inheritance to be considered marital property, the circuit court specifically found that Haskins had failed to present clear and

convincing evidence to rebut the presumption that the funds were marital. Given the deference afforded to the circuit court in determining witness credibility and the weight to be afforded the testimony, we cannot say the circuit court's finding that the funds were marital was clearly erroneous.

Haskins also argues that the circuit court's decision to allow Howe to keep the money as temporary spousal support was clearly erroneous and a gross abuse of discretion. However, the circuit court did not award Howe temporary spousal support at the final hearing; it determined that the $45,000, which was marital, was "in lieu of" temporary spousal support. Howe testified that she had lived off the $45,000 and her monthly disability check since filing for divorce, and no funds remained from the $45,000 at the time of the final divorce hearing. Howe expended marital funds during the marriage to pay for her living expenses. Under these circumstances, we cannot say that the circuit court abused its discretion.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Orvin W. Foster*, for appellant.

*Brasel Law Firm, PLLC*, by: *Aaron R. Basel*, for appellee.